IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERENCE TAYLOR, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19CV486 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D. LUE, ACTING WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Terence Taylor, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss the petition or, in the alternative, motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. (Dkt. No. 7.) In it, respondent moves to dismiss the petition in its entirety, arguing that the petition fails to state a claim upon which relief may be granted or, alternatively, that he is entitled to judgment as a matter of law.[1]

For the reasons set forth herein, I conclude that Taylor's § 2241 petition fails to demonstrate a genuine issue of material fact. I will therefore grant respondent's motion, dismiss the petition, and enter judgment in respondent's favor.

I.

Taylor is currently incarcerated at the United States Penitentiary ("USP") in Lee County, Virginia. He alleges that he was denied procedural and substantive due process in connection with disciplinary proceedings. This case concerns Incident Report ("IR") No. 3264138, which

---

[1] Respondent filed a "Notice of Correction" in which he withdrew his jurisdictional argument based on Fed. R. Civ. P. 12(b)(1) and modified his pleading to move for dismissal and/or summary judgment under Fed. R. Civ. P. 12(b)(6), 12(d), and 56. (Dkt. No. 10 at 1–2.) A district court should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inference in the petitioner's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

was heard before a disciplinary hearing officer ("DHO") on June 12, 2019.  Taylor seeks expungement of the IR from his record and restoration of his good conduct time ("GCT").

On June 4, 2019, Taylor was charged in IR No. 3264138 with destroying or disposing of an item during a search or attempt to search and refusing to obey an order.  (Dkt. No. 8-3 at 1; Dkt. No. 8-6 at 1.)  According to the reporting officer:

> On 6/4/2019 at approximately 5:13pm I Senior Officer B. Collins was conducting a random pat search of inmate Taylor, Terence . . . .  During the pat search procedure I observed a [sic] unknown item in the inmates [sic] right hand.  I gave inmate Taylor a direct order to drop what was in his hand.  At this time the inmate became disruptive pulling away from me and placing the unknown item into his mouth.  I then placed the inmate upon the ground using the least amount of force necessary to regain control of the disruptive inmate.  The inmate was placed into hand restraints then placed into the striker pro rescue chair and escorted to the special housing unit.

(Dkt. No. 8-3 at 1.)

A hearing before a DHO was held on June 12, 2019.  (Dkt. No. 8-6 at 1.)  The DHO found that Taylor had committed the offense of destroying and/or disposing of an item during a search or attempt to search.  (*Id.* at 2.)  The DHO imposed, among other sanctions, the penalty of disallowance of 41 days GCT.  (*Id.*)

As I explain, Taylor received all of the process which he was due during the course of the disciplinary proceedings at issue, and the DHO's decision is supported by some evidence in the record.  Therefore, Taylor has not established a due process violation, and respondent is entitled to judgment as a matter of law.

II.

The standard for review on a motion for summary judgment is well-settled.  The court should award summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S.

2

317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable party could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citation omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4ht Cir. 1994).

      Prisoners may not be deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "To state a procedural due process violation, a [petitioner] must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Chestnut v. Lue*, No. 7:19-cv-00455, 2019 WL 6352656, at *3 (W.D. Va. Nov. 27, 2019) (quoting *Prieto*, 780 F.3d at 248). "It is well established that the loss of earned good time credits . . . is an interest sufficient to invoke the protections of due process." *Id.* (citing *Wolff*, 418 U.S. at 439); *see also Moses v. Bledsoe*, No. Civ.A. 1:03 CV 149, 2004 WL 3317657, at *2 (N.D. W. Va. 2004) ("An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law."). The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff* as follows: (1) the inmate must receive written notice of the charges; (2) he must be allowed to call witnesses

and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) there must be a written statement by the factfinder as to the evidence relied on and the reasons for the decision. *Massengale v. Streeval*, No. 7:19-cv-543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020) (citing *Wolff*, 418 U.S. at 564); *Chestnut*, 2019 WL 6352656, at *3 (same). The Supreme Court further held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff*, 418 U.S. at 558) (internal citation omitted); *see also Chestnut*, 2019 WL 6352656, at *3 (noting that there was "'some evidence' supporting the DHO's conclusions, all that is required" (quoting *Hill*, 472 U.S. at 454, 456)). "Some evidence' is defined as any 'evidence in the record that could support the conclusion reached.'" *Moses*, 2004 WL 3317657, at *3 (quoting *Hill*, 472 U.S. at 455–56). "As long as a hearing officer's decision is supported by some evidence and the requirements of *Wolff* have been met, the decision cannot be disturbed on judicial review." *Massengale*, 2020 WL 4227559, at *4.

Taylor argues that he was deprived of GCT credits without due process of law as required by *Wolff*. (Dkt. No. 1 at 8.) First, he alleges that the disciplinary proceedings "were deficient when the DHO did not provide him with a written statement of the evidence relied on and the reasons for the sanctions following his DHO hearing[] on January 12, 2019 . . . ." (*Id.*) Second, Taylor claims that his "disciplinary record does not support the conclusion reached by the DHO," (*id.*), and that "[t]here is simply no evidence in the record to conclude that Taylor committed the prohibited act violation[] stated above," (*id.*). He concludes that his disciplinary record with respect to IR 3264138 "must be vacated." (*Id.*)

With respect to Taylor's procedural due process claim, respondent argues that the petition should be dismissed for failure to state a claim because Taylor failed to exhaust his administrative remedies prior to filing the petition.  (Dkt. No. 8 at 7, 9–10; Dkt. No. 10 at 1–2, 5.)  In addition, respondent notes that Taylor received a copy of the DHO report at issue on October 23, 2019.  (Dkt. No. 8 at 7 (citing Dkt. No. 8-6 at 3).)

Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to seeking habeas review under § 2241.  *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also Rodriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017) (unpublished) (per curiam) ("Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals."); *United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (unpublished) (upholding dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241 petition).  The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).  Failure to exhaust may only be excused by a showing of cause and prejudice. *McClung*, 90 F. App'x at 445 (citing *Carmona*, 243 F.3d at 634); *Green v. Fed. Bureau of Prisons*, No. 7:05-cv-713, 2006 WL 903229, at *1 (W.D. Va. Apr. 7, 2006).  Because the exhaustion requirement in habeas proceedings is judicially imposed, however, courts may, in their discretion, waive the requirement in certain circumstances, such as when administrative remedies would prove futile. *Reeder v. Phillips*, No. 1:07CV138, 2008 WL 2434003, at *3 (N.D. W. Va. June 12, 2008).

The BOP's Administrative Remedy Procedure provides a three-level appeal process through which an inmate may seek formal review of issues that relate to any aspect of his

confinement. 28 C.F.R. § 542.10. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint addressed to the Warden. *Id.* This complaint must be filed within twenty calendar days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty calendar days of the date on which the Warden signed the response. 28 C.F.R. § 542.15(a).[2] An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15(a).[3]

Respondent has submitted a declaration from Destiny Spearen, a paralegal at the BOP's Consolidated Legal Center in Beckley, West Virginia, (Dkt. No. 8-1 ¶ 1), along with exhibits from the BOP's SENTRY system, which allows an inmate's administrative remedy history to be reviewed as an Administrative Remedy Generalized Retrieval Form, *(id.* ¶ 7; *see also* Dkt. Nos. 8-2–8-7).[4] Spearen represents that she has reviewed Taylor's Administrative Remedy Generalized Retrieval Form and discovered that he failed to exhaust his administrative remedies with respect to IR No. 3264138. (Dkt. No. 8-1 ¶ 11.) According to Spearen, Taylor has filed just two administrative remedies during his incarceration, neither of which was related to IR No. 3264138. (*Id.* ¶¶ 12–15.) Moreover, one of the exhibits attached to Spearen's declaration is the

---

[2] Appeals of DHO decisions "shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2).

[3] These time limits may be extended when the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15(a); *see also* 28 C.F.R. § 542.14(b) (listing possible reasons for delay).

[4] Because the court has considered Spearen's declaration and attachments in adjudicating the motion, the court will treat respondent's motion as one for summary judgment and has given appropriate notice. *See* Fed. R. Civ. P. 12(d); *see also* Notice (Dkt. No. 9).

DHO report from the June 12, 2019, hearing, which reflects that it was delivered to Taylor on October 23, 2019. (Dkt. No. 8-6 at 3.)

Taylor has filed nothing to counter respondent's contention, backed by Spearen's declaration and attached exhibits, that he failed to exhaust administrative remedies with respect to IR No. 3264138, despite being given the opportunity to respond. (Dkt. No. 9.) In addition, beyond his bare allegation in the petition, he has provided no evidence that he did not receive the DHO report on October 23, 2019, as indicated on the report. He submitted no counter-affidavits or declarations, or any other evidence, in opposition to respondent's motion. Nor has he suggested that he has been precluded from doing so by legitimate circumstances beyond his control or that pursuing those administrative remedies would be futile. *See Carmona*, 243 F.3d at 634; *Williams*, 2020 WL 1158255, at *2; *Reeder*, 2008 WL 2434003, at *3. Therefore, Taylor has not demonstrated a genuine issue of material fact, *see* Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322–23, and respondent is entitled to summary judgment with respect to Taylor's procedural due process claim.

Even if Taylor had exhausted administrative remedies, the second portion of his claim, that he was denied substantive due process because "no evidence in the record" supported the DHO's decision, (Dkt. No. 1 at 8), would fail. As noted above, the DHO found that Taylor had committed the prohibited act of destroying/ disposing of an item during a search or attempt to search. (Dkt. No. 8-6 at 2.)[5] The DHO first summarized the report of the investigating officer, (*id.*; *see also* Dkt. No. 8-3), then stated:

> During the DHO hearing, when asked if you admitted or denied the charges against you, you stated, "I didn't do it. It was in my hand and I tried to give it to him." The DHO considered your statements and defense to the charge wherein you claim it was a "Cig" and a piece of paper in your hand and you tried to give it to the officer, however, gave greater weight to the attestment of the reporting staff

---

[5] The DHO determined that the greater weight of the evidence did not support a finding that Taylor committed the additional charge of refusing to obey an order. (Dkt. No. 8-6 at 2.)

7

>member and evidence provided in deciding this issue. Specifically, Officer Collins attests while conducting a random pat search of your person, he observed an unknown item in your right hand. He gave you a direct order to drop what was in your hand. At this time, you became disruptive pulling away from him and placing the unknown item into your mouth. You did not provide, nor did the DHO find, any credible evidence to identify that Officer Collins had accurately described a portion of the incident, but then went on to fabricate another. He doesn't have any apparent motive to do so, or vested interest in you one way or the other. On the other hand, you have an obvious motive to be less than candid about the incident to avoid the consequences of your actions. Additionally, the DHO reviewed your disciplinary record in an attempt to establish your credibility which revealed this type of behavior is not out of the ordinary for you as you were found to have committed a similar act less than fourteen months prior to this incident which lessoned [sic] your denial to the DHO. Accordingly, the denial you provided did not outweigh Officer Collins's account of you placing an unknown item in your mouth after being given a direct order to drop it, during an attempted search of your person.
>
>Therefore, the greater weight of the above listed evidence provided supports the finding of the DHO you committed the prohibited act of Destroying and/or Disposing Of An Item During A Search Or Attempt To Search . . . .

(*Id.*)

Clearly "some evidence" in the record supports the DHO's conclusion. *See Chestnut*, 2019 WL 6352656, at *3 (noting that there was "'some evidence' supporting the DHO's conclusions, all that is required"); *Moses*, 2004 WL 3317657, at *3 (noting definition of "some evidence" as "any evidence in the record that could support the conclusion reached"). The DHO considered Taylor's testimony but, after looking at his disciplinary record, found that testimony not credible. (Dkt. No. 8-6 at 2.) The DHO credited the contrary testimony of the reporting officer and gave it greater weight. (*Id.*) Again, Taylor has provided nothing to contradict or undermine the DHO's findings. *See Shahan v. Ormond*, No. 3:18CV200-HEH, 2018 WL 6681210, at *2 (E.D. Va. Dec. 19, 2018) ("When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or depositions, answers to interrogatories, and admissions on file, designate specifics facts showing that there is a genuine issue for trial." (quoting *Celotex Corp.*, 477 U.S. at 324), *aff'd*, 777 F. App'x 217 (4th

8

Cir. 2019) (unpublished) (per curiam).  Therefore, respondent is entitled to judgment as to Taylor's substantive due process claim.

Having found that Taylor received all the process to which he was entitled during the course of the disciplinary proceedings and that the DHO's decision is supported by some evidence in the record, I find that Taylor has failed to demonstrate a genuine issue of material fact and that respondent is entitled to judgment as a matter of law.  *See Massengale*, 2020 WL 4227559, at *4 ("As long as a hearing officer's decision is supported by some evidence and the requirements of *Wolff* have been met, the decision cannot be disturbed on judicial review.").  Accordingly, I will grant respondent's motion to dismiss or, in the alternative, for summary judgment, dismiss Taylor's petition with prejudice, and direct that judgment be entered in respondent's favor.

An appropriate order will be entered.

**ENTER**: This 29th day of September, 2020

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE